IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN HOGAN, | ) | CASE NO.   1:20 CV 1331 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | |
| CITY OF PARMA, OHIO, et al., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

This matter is before the Court on the Motion to be Declared Prevailing Party and for Award of Reasonable Attorneys' Fees and Nontaxable Expenses and for Adoption of Schedule for Submission of Evidence of Same, filed by Defendants, the City of Parma and Officer Peter Shepetiak. (Docket #47.)

I.      Factual and Procedural History

On June 18, 2020, Kathleen Hogan, as Administrator of the Estate of Jonathan H. Legg, her son, filed this lawsuit against the City of Parma, the City of Parma Heights, City of Parma Police Officer Peter Shepetiak and City of Parma Heights Police Detective Luke Berry, alleging that the policies and practices of the City of Parma and the City of Parma Heights, and their failure to properly train officers regarding interactions with individuals suffering from autism

and/or other mental health disorders, resulted in the shooting death of Mr. Legg, who was autistic, during a traffic stop.

Mr. Legg was pulled over by Officer Shepetiak on June 20, 2019 because he had fictitious license plates on his car. The traffic stop was routine and peaceful until the point that Officer Shepetiak and Detective Berry, who had arrived on the scene to provide back-up, correctly identified the fact that Mr. Legg was reaching for something near his waist. At that moment, Officer Shepetiak attempted to restrain Mr. Legg with a "bear hug," but Mr. Legg was able to gain access to a gun concealed in his waistband. Mr. Legg shot Detective Berry; the Officers returned fire; and, Mr. Legg was fatally wounded.

On July 3, 2018, approximately two weeks after the events giving rise to this lawsuit, an independent eye-witness, Jennifer Belcik, provided a statement to the Ohio Bureau of Criminal Investigation. Ms. Belcik recounted that she had observed the traffic stop; that she saw two Police Officers – one in uniform and one in a suit and tie – standing near Mr. Legg's car; that the uniformed Officer and Mr. Legg moved in a "still and calm" manner toward the rear of Mr. Legg's vehicle; that Mr. Legg began to "wrestle" with the uniformed Officer; that Mr. Legg pulled a weapon and began shooting at the Officer in plain clothes; and, that both Officers then returned fire. (Docket #19-1.) Ms. Belcik's statement was consistent with the accounts provided by both Officers.

The Complaint in this case was filed almost two years later, asserting claims under 42 U.S.C. § 1983 for unreasonable search and seizure and use of excessive force (First Cause of Action); a claim for wrongful death under Ohio Rev. Code § 2125.02 (Second Cause of Action); and, a claim alleging Defendants "intentionally discriminated against Jonathan Legg or failed to

provide him a reasonable accommodation when they used unnecessary and excessive force against him because of his disability," in violation of Title II of the Americans With Disabilities Act (Third Cause of Action). On October 9, 2020, around the time the Parties' were briefing Defendants' Motions for Judgment on the Pleadings, Counsel for the City of Parma and Officer Shepetiak sent a letter to Counsel for Ms. Hogan, asking that Ms. Hogan voluntarily dismiss her case for lack of factual or evidentiary support. Counsel indicated that in the event the claims were not dismissed, the City of Parma and Officer Shepetiak planned to seek attorneys' fees, and possible sanctions, when the case concluded. Ms. Hogan did not dismiss the case.

On December 18, 2020, this Court granted Defendants' Motions for Judgment on the Pleadings as to Ms. Hogan's Americans with Disabilities Act Claim (Third Cause of Action). On April 2, 2021, the Court granted Ms. Hogan's unopposed Motion to Drop Certain Parties, dismissing Detective Berry and the City of Parma Heights from this case. (Docket #34.) On June 17, 2021, the Court granted summary judgment in favor of the City of Parma and Officer Shepetiak as to Ms. Hogan's remaining claims for excessive use of force; failure to train; and, wrongful death. (Docket #46.) The evidence presented definitively and unequivocally demonstrated that Officer Shepetiak and Detective Berry acted reasonably and professionally throughout their encounter with Mr. Legg. The Court found that "the actions taken by both Officers to defend themselves and protect the public, in response to the immediate threat of danger on a public thoroughfare, were unquestionably proper, reasonable and necessary." There was no evidence that Officer Shepetiak's use of force, under the circumstances was excessive; no evidence to support a claim for failure to train; and, no evidence to support a wrongful death claim.

**II.  Motion for Fees and Expenses.**

On June 30, 2021, the City of Parma and Officer Shepetiak filed their Motion to Be Declared Prevailing Party and for Award of Reasonable Attorneys' Fees and Nontaxable Expenses and for Adoption of Schedule for Submission of Evidence of Same.  (Docket #47.)  The City of Parma and Officer Shepetiak argue that Ms. Hogan asserted and proceeded with unreasonable and groundless claims, ignoring evidence contrary to her position.  The City of Parma and Officer Shepetiak argue that Ms. Hogan's lawsuit was frivolous, unreasonable and without foundation and, therefore, that they are entitled to reasonable attorneys' fees and costs under 42 U.S.C. § 1988 as prevailing parties.  Ms. Hogan filed her Brief in Opposition on July 14, 2021, asserting that there was an arguable basis for pursuing the claims set forth in the Complaint and that her claims were not frivolous, unreasonable or without foundation. (Docket #48.)  The City of Parma and Officer Shepetiak filed a Reply Brief on July 21, 2021.  (Docket #49.)

**III.  Discussion.**

Attorneys' fees may be awarded to prevailing Defendants in civil rights litigation under 42 U.S.C. § 1988 upon a finding that the suit was frivolous, unreasonable, or without foundation. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *Wolfe v. Perry*, 412 F.3d 707, 720 (6th Cir. Mich. 2005); *N.E. v. Hedges*, 391 F.3d 832, 836 (6th Cir. Ky. 2004).

Ms. Hogan's claims against the City of Parma and Officer Shepetiak were factually unsupported, unreasonable and without legal foundation.  The relevant facts in this case have never been in dispute and there has never been evidence, expert or otherwise, that the force used

by the Officers was excessive; that the attempted restraint of Mr. Legg in response to a perceived threat, or the use of deadly force were the result of malice, bad faith or wanton or reckless conduct; or, that the Officers acted unreasonably in any way. Further, Ms. Hogan provided no evidence whatsoever in support of her claim that the City of Parma failed to adequately train its police officers for situations involving autistic citizens, nor does it appear from the record that she attempted to develop the record or unearth evidence to support this claim through discovery. There was no evidence that the Officers had any reason to suspect Mr. Legg was autistic and, regardless, their actions were at all times reasonable.

While the Court sympathizes with Ms. Hogan and appreciates the tremendous loss she has suffered, Federal law provides for the recovery of attorneys' fees by a prevailing party in instances in which "no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate." *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. Ohio 1985). Such is the case here, where had Ms. Hogan's legal claims been properly vetted from the outset, or objectively analyzed shortly thereafter when prompted by opposing Counsel, this case would not have proceeded beyond its early stages for lack of evidentiary support. The City of Parma and Officer Shepetiak are prevailing parties in this lawsuit and, accordingly, are entitled to an award of reasonable attorneys' fees and nontaxable expenses pursuant to 42 U.S.C. § 1988.

### IV. Conclusion.

For the foregoing reasons, the Motion to Be Declared Prevailing Party and for Award of Reasonable Attorneys' Fees and Nontaxable Expenses and for Adoption of Schedule for

Submission of Evidence of Same (Docket #47), filed by Defendants, the City of Parma and Officer Shepetiak, is hereby GRANTED. The City of Parma and Officer Shepetiak are prevailing parties in this lawsuit and are entitled to an award of reasonable attorneys' fees and nontaxable expenses pursuant to 42 U.S.C. § 1988.

The City of Parma and Officer Shepetiak are hereby ordered to submit briefing, no later than August 27, 2021, detailing the attorneys' fees and expenses sought, along with supporting documentation. Included in that briefing, the City of Parma and Officer Shepetiak shall address the issue of attorney liability for attorneys fees' and costs. Ms. Hogan shall have until September 10, 2021 to file any opposition, including any argument regarding her ability to satisfy an award of costs, and documentation of the same. Any reply brief shall be filed by the City of Parma and Officer Shepetiak no later than September 20, 2021.

At the conclusion of briefing, a hearing will be scheduled upon motion of either party, at which time the Parties may present argument relative to any of the issues raised in briefing and may call witnesses as necessary.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATED: August 12, 2021